HODGE et al. v. LEHIGH VAL. R. CO.

(Circuit Court, D. New Jersey. March 28, 1893.)

1. WATER COURSES—OBSTRUCTION BY RAILROAD BRIDGE—EVIDENCE.

In an action against a railroad company for flooding plaintiff's land by maintaining a bridge of such construction that it was insufficient to vent the water passing under it in times of ordinary freshet, it was shown that for 12 years the bridge had been in its present condition, during which time no complaint was ever made; that before the bridge was built the land was subject to be flooded by reason of a dam across the narrow valley some distance below the bridge; that the damming of the water by the bridge was scarcely discoverable by an ordinary observer; and that before the bridge was built the land had been protected by riprapping, which had since been neglected. *Held*, that a verdict for plaintiff was not warranted, and a new trial should be granted.

2. SAME—NEW TRIAL—CONCURRING VERDICTS.

It cannot be objected to granting a new trial that there have been two concurring verdicts on the same issues and evidence, when, after the first trial, plaintiff amended his declaration by adding a new cause of action, and at the second trial admitted that one item of damages claimed at the first had been settled long before in favor of his predecessor in title.

At Law. Action by Theodore R. Hodge and others against the Lehigh Valley Railroad Company for flooding plaintiffs' land by the maintenance of an improperly constructed bridge. There was a verdict for plaintiffs, which defendant moves to set aside. Motion granted, and new trial ordered.

For opinion on former trial, see 39 Fed. Rep. 449.

R. V. Lindabury, for plaintiffs.
Thomas N. McCarter & Son, for defendant.

ACHESON, Circuit Judge. It cannot fairly be said that there have been here two concurring verdicts upon the same issues and evidence. At the first trial the plaintiffs alleged, and gave evidence tending to show, that much damage to their land, for which they claimed the defendant company was liable, was due to the widening of the bridge over Cuckhold's brook; but at the last trial they conceded that for any such damage compensation had been made to Field, their predecessor in the title, under the amicable agreement for the right of way over their farm. Then, again, after the former verdict was set aside, the plaintiffs amended their declaration by adding a new count, which introduced an entirely distinct cause of action.

The case itself is peculiar, and, indeed, in some of its circumstances, extraordinary. The plaintiffs allege that the defendant maintains over the Raritan river a railroad bridge which is so improperly constructed that it is insufficient to freely vent the water of the river in times of ordinary freshets, and that in consequence, at such times, the water is held back, dammed up, diverted from its natural channel, and discharged over their land, to the injury of the same, by washing and scouring. The plaintiffs acquired title on December 5, 1885, and this suit was instituted on February

23, 1888. Now, this land is nearly a mile distant from the bridge, eastwardly. The bridge was erected by legislative authority, as part of a railway line. It was designed by, and constructed under the supervision of, an experienced and capable engineer. It was finished not less than 12 years before this suit was brought. During all that period no complaint was made by any one that the bridge was insufficient to pass the water of the river, although floods were occurring yearly. Moreover, it is shown, as well by the plaintiffs' own evidence as by that of the defendant, that long before the bridge was erected, as far back as the memory of the oldest witness went, the plaintiffs' farm, and all the lands in the same valley, were subject to overflow by water from the Raritan river during ordinary floods. It appears, too, that when these floods occurred, formerly, the river was accustomed to overflow its eastern bank above the site of the defendant's bridge, at the same place where it now overflows, and that there has always existed—certainly for the last 60 years—a high-water waste channel, extending from that place down the valley, and passing over the plaintiffs' farm. At a point below the village of Bound Brook, and about four miles below the defendant's bridge, the valley greatly narrows, until reduced to the width of 328 feet only; and there, across the river, is the Delaware and Raritan canal dam, occupying the entire space of 328 feet. In consequence, in times of flood, the water of the Raritan is held and backed up until the entire valley is overflowed, and becomes a lake. This has been the case since that dam was built,—over 60 years ago. Furthermore, upon the subsidence of the water there was always a current down over these valley lands, so strong on some occasions as to sweep away and carry down shocks of corn, logs, etc., and even animals. The evidence, we think, indisputably establishes the facts to be as thus far stated. But, besides, there is testimony strongly tending to show that before the bridge was built the eastern bank of the Raritan above the bridge site was protected against the current, which there directly strikes the bank, by riprapping,—a precaution which has since been neglected. Moreover, Mr. Doughty, a surveyor, who made an examination and survey of these premises in 1872, before the railroad bridge was commenced, testifies that he then found three openings in the easterly bank a short distance above the site of the bridge, and he produces his original map in support of his statement. No doubt the openings there are now larger, but it by no means follows that this is due to the defendant's structures. Other sufficient causes are shown.

Since the argument of this rule we have attentively read, and most carefully considered, all the evidence in the case. We do not find any direct proof that the defendant's bridge or slag bank causes the mischief complained of. No damming up of the river is apparent to an observer. The plaintiffs' witness Mr. Harrison, indeed, testifies that on one occasion during a flood the water at the bridge was found by measurement to stand up $2\frac{1}{2}$ inches, but such a swell or rise at the bridge would have no appreciable effect

at the place of overflow. The plaintiffs' case rests upon inferences. The evidence on their part is not convincing or satisfactory, even if taken by itself. But when the evidence on both sides is considered together, and as a whole, then, undoubtedly, the clear preponderance is with the defendant. In our judgment the jury have made unwarrantable deductions from the evidence, and, moved by our sense of justice, we must set aside the verdict. We have only to add that we think the damages are grossly excessive.

The rule to show cause is made absolute, and a new trial is granted.

GREEN, District Judge, concurs.